**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVAR EMERSON JONES, | 1:12-cv-01955-AWI-BAM (HC) |
| Petitioner, | ORDER DENYING PETITIONER'S MOTIONS FOR DISCOVERY WITHOUT PREJUDICE |
| v. | [ECF Nos. 4, 15, 16] |
| JAMES D. HARTLEY, | |
| Respondent. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on November 9, 2012 in the United States District Court for the Central District of California.  On November 29, 2012, the petition was transferred to this Court.

On November 26, 2012 and January 22, 2013, Petitioner filed motions to compel discovery.  Petitioner requests examination of the prison log book of Building Six Second Floor for the date of June 9, 2011.

Pursuant to court order, Respondent filed an answer to the petition on March 2, 2013.[1]

Unlike other civil litigation, a habeas corpus petitioner is not entitled to broad discovery. Bracy v. Gramley, 520 U.S. 899, 117 S.Ct. 1793, 1796-97 (1997); Harris v. Nelson, 394 U.S.

---

[1] On March 11, 2013, Petitioner filed a motion for an extension of time to file a traverse to Respondent's answer.  The Court has addressed Petitioner's request to extent time by separate order.

1

286, 295, 89 S.Ct. 1082, 1088-89 (1969).  Although discovery is available pursuant to Rule 6, it is only granted at the court's discretion, and upon a showing of good cause.  <u>Bracy</u>, 117 S.Ct. 1793, 1797; <u>McDaniel v. United States Dist. Court (Jones)</u>, 127 F.3d 886, 888 (9th Cir. 1997); <u>Jones v. Wood</u>, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a) of the Rules Governing Section 2254.  At this stage of the litigation, the Court cannot identify the essential elements of Petitioner's claim, and Petitioner has not demonstrated good cause.  Thus, Petitioner's motion is premature, as the court's ordinary practice in habeas corpus cases is to consider a motion for discovery after the court has received and considered the answer and traverse from the parties.  Accordingly, Petitioner's motion for discovery will be denied without prejudice to renewal at the time the case is fully submitted and ready to review on the merits, i.e. after the filing of both an answer and traverse.

IT IS SO ORDERED.

Dated:   **March 19, 2013**                    **/s/ Barbara A. McAuliffe**
                                               UNITED STATES MAGISTRATE JUDGE