# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVAR EMERSON JONES, | 1:12-cv-01955-AWI-BAM (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| | (ECF No. 1) |
| JAMES D. HARTLEY, | |
| Respondent. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL BACKGROUND[1]

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation following his 2003 conviction for arson. Petitioner is serving a sentence of twenty-one years in prison.

In 2012, Petitioner filed a petition for writ of habeas corpus in the San Luis Obispo County Superior Court, contending he was denied due process because there was no evidence to support a prison disciplinary violation for destruction of state property which resulted in thirty-one days of credit loss. Petitioner also argued that prison staff failed to follow state regulatory procedures for conducting cell searches.

---

[1] This information is derived from the petition for writ of habeas corpus and Respondent's answer to the petition.

1

1       On April 19, 2012, the superior court denied the petition in a reasoned decision finding
2 that Petitioner's due process rights were not violated.

3       Petitioner then filed a petition for writ of habeas corpus in the California Court of Appeal,
4 Second Appellate District. On July 18, 2012, the petition was summarily denied.

5       On July 30, 2012, Petitioner filed a petition for writ of habeas corpus in the California
6 Supreme Court. On October 10, 2012, the petition was summarily denied.

7       On November 9, 2012, Petitioner filed the instant federal petition for writ of habeas
8 corpus in the United States District Court for the Central District of California. On November
9 29, 2012, the petition was transferred to this Court.

10       Respondent filed an answer to the petition on March 1, 2013, and Petitioner filed a
11 traverse on April 1, 2013.

### FACTS[2]

13       On June 27, 2011, at approximately 10:15 hours Officer Vasquez was performing his
14 duties as Building Six, Second Floor Officer, at the direction of Supervisory Staff, the building
15 was closed and all inmates were ordered to exit for a security inspection. Specifically, C-Quad
16 Custody Staff were ordered to perform cell-by-cell inspections of every cell within the building.
17 This was due to the recent discovery of structural altercations/modifications within cells for
18 contraband concealment and/or attempts of escape. As a result, the inspections were mandated
19 for institutional safety and security. Multiple cells had been discovered to have such obviously
20 deliberate alterations which resulted in the cells being secured and deadlocked as potential crime
21 scenes and the occupants were temporarily re-housed into the Administrative Segregation Unit
22 (ASU), pending repairs by Plant Operations personnel due to the compromised structural
23 integrity of the cells.

24       During a search of cell number 6238, which was occupied by Petitioner and inmate
25 Gilbert Gray, Officer Vasquez discovered a hole approximately two and one-half inches by one

---

[2] These facts are derived from the Rules Violation Report attached as Exhibit 3 to the Answer, and the Monterey County Superior Court's order denying petition attached as Exhibit 5 to the Answer. The facts as determined by the superior court are presumed correct. See 28 U.S.C. § 2254(e)(1).

2

and one-half inches by five inches that had been deliberately created into the wall.

Petitioner was charged with destruction of state property valued at less than $400.00 and a hearing was held on July 22, 2011. Based on the reports of the officers and evidence presented, Petitioner was found guilty and assessed thirty-one days of credit forfeiture.

## DISCUSSION

### I. Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Petitioner's claims for relief arise out of a disciplinary hearing at California Men's Colony, in San Luis Obispo, California. At the time of filing, Petitioner was housed at Avenal State Prison, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a), 2241(d). If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

### II. Standard of Review

Where a petitioner files his federal habeas petition after the effective date of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), he can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of [the Supreme] Court." Harrington v. Richter, __ U.S. __, 131 S.Ct. 770, 785 (2011) (citing 28 U.S.C. § 2254(d)(1) and Williams v. Taylor, 539 U.S. 362, 412

(2000)).  Habeas relief is also available if the state court's decision "involved an unreasonable application" of clearly established federal law, or "was based on an unreasonable determination of the facts" in light of the record before the state court.  Richter, 131 S.Ct. 785 (citing 28 U.S.C. § 2254(d)(1), (d)(2)).  "[C]learly established ... as determined by" the Supreme Court "refers to the holdings, as opposed to the dicta, of th[at] Court's decisions as of the time of the relevant state-court decision."  Williams v. Taylor, 529 U.S. at 412.  Therefore, a "specific" legal rule may not be inferred from Supreme Court precedent, merely because such rule might be logical given that precedent.  Rather, the Supreme Court case itself must have "squarely" established that specific legal rule.  Richter, 131 S.Ct. at 786; Knowles v. Mirzayance, __ U.S. __, 129 S.Ct. 1411, 1419 (2009).  Moreover, the Supreme Court itself must have applied the specific legal rule to the "context" in which the Petitioner's claim falls.  Premo v. Moore, __ U.S. __, 131 S.Ct. 733, 737 (2011).  Under § 2254(d)(1), review is limited to the record that was before the state court adjudicated the claim on the merits.  Cullen v. Pinholster, __ U.S. __, 131 S.Ct. 1388, 1398 (2011).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  Richter, 131 S.Ct. at 786.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceedings, § 2254(d)(2)."  Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).  Both subsections (d)(2) and (e)(1) of § 2254 apply to findings of historical or pure fact, not mixed questions of fact and law.  See Lambert v. Blodgett, 393 F.3d 943, 976-77 (2004).

Courts further review the last reasoned state court opinion.  See Ylst v. Nunnemaker, 501 U.S. 979, 803 (1991).  However, "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief."  Richter, 131 S.Ct. at 784.

III.  Review of Petition

Petitioner contends there was insufficient evidence to prove that he had the means to create a hole in the wall.  He also contends that correctional officers violated California Administrative Code, title 15, section 3287 by failing to conduct a thorough cell inspection when he was rehoused to cell number 6238.

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment.  Wolff v. McDonnell, 418 U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings.  Id. at 556.  Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison.  Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984)).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.  Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567.  In addition, due process requires that the decision be supported by "some evidence."  Hill, 472 U.S. at 455 (citing United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)).

Petitioner does not dispute that he was provided adequate procedural due process rights, including advance notice of the disciplinary charges, the opportunity to challenge and present evidence, and a written statement setting forth the factual findings.  Petitioner simply claims the guilty finding was not supported by the evidence.  As noted above, due process requires only that the decision be supported by "some evidence."  Hill, 472 U.S. at 455.  In this case, there was at least "some evidence" supporting the guilty finding.  Petitioner contends there was no evidence to support the finding that he had the means to create the hole in the wall because he never had access to a drill which he claims was used to create the hole.  As stated by the superior court, there

is simply no evidence beyond Petitioner's mere assertion that the hole could not have been created by means other than a drill. Furthermore, although Petitioner claims the cell was not adequately inspected prior to his occupancy, again there is no evidence to support such finding. In fact, the evidence is to the contrary. The record demonstrates that Correctional Officer Holder specifically stated that he did inspect the cell prior to Petitioner's occupancy and no hole was discovered. Petitioner initially requested that Officer Holder appear as a witness at the rules violation hearing, however, he subsequently cancelled such request and Petitioner is the only one who can be faulted for failing to present such testimony at the hearing. It is undisputed that Petitioner had been housed in cell number 6238 for eighteen days prior to the discovery of the hole, and there is simply no evidence to support Petitioner's contention that the hole had to have been created by a drill.[3] Petitioner was not charged with possession of a certain instrument, but was rather charged and found guilty of destruction of state property. Given the evidence, Petitioner fails to show that the guilty finding was not supported by some evidence. Accordingly, the state court determination that all due process requirements were met was not contrary to or an unreasonable application of Supreme Court precedent. The petition should be denied.

## RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that the petition for a writ of habeas corpus be DENIED and judgement be entered in favor of Respondent.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the

---

[3] To the extent Petitioner is attempting to raise an independent claim that correctional officials violated California Administrative Code, title 15, section 3287, by failing to properly inspect the cell prior to his occupancy, such claim is not reviewable by way of section 2254. See Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1993) (due process does not require prison officials to comply with its own procedures which are more onerous than those required by the Constitution), abrogated on other grounds in Sandin v. Connor, 515 U.S. 472 (1995).

objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 29, 2013**                          /s/ **Barbara A. McAuliffe**
                                       UNITED STATES MAGISTRATE JUDGE